# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Kevin Gruscinski,

    Plaintiff,

v.

Wasserstrom Holdings, Inc.,

    Defendant.

Case No. 2:23-cv-2070

Judge Michael H. Watson

Magistrate Judge Deavers

---

Gregory Coffey,

    Plaintiff,

v.

Wasserstrom Holdings, Inc.,

    Defendant.

Case No. 2:23-cv-2424

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Kevin Gruscinski and Gregory Coffey (collectively, "Plaintiffs") move to consolidate the above-captioned cases and for appointment of interim co-lead counsel. ECF Nos. 17 & 22, Case No. 2:23-cv-2070. Both motions are unopposed. For the following reasons, the motions are **GRANTED**.

Plaintiffs' claims arise out of a data breach of Wasserstrom Holdings, Inc.'s ("Defendant") network. *See generally*, Compl., ECF No. 1, Case No. 2:23-cv-2070; Compl., ECF No. 1, Case No. 23-cv-2424. Plaintiffs allege that Defendant used inadequate cybersecurity measures that left Plaintiffs' Personally Identifiable Information vulnerable to cyberattacks and that Defendant failed to inform Plaintiffs promptly and

fully about the data breach. *Id.* Plaintiffs bring claims on an individual and class-wide basis. *Id.* Plaintiffs now move to consolidate their cases and to appoint interim co-lead counsel. ECF Nos. 17 & 22, Case No. 2:23-cv-2070.

## I. CONSOLIDATION

To promote judicial economy, Federal Rule of Civil Procedure 42 authorizes a court to consolidate two or more cases when each involves a common question of law or fact. Fed. R. Civ. P. 42(a). "Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court[.]" *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (citation omitted).

Upon review, the Court finds that the cases should be consolidated. Both cases involve common facts: the data breach. Both cases also involve common questions of law: whether Defendant had unlawfully inadequate cybersecurity measures and whether Defendant properly notified Plaintiffs of the data breach. Consolidation will best serve the goals of the Federal Rules of Civil Procedure by promoting judicial efficiency, avoiding duplicative and potentially contradictory rulings, and reducing the complexity of the cases. *Magna Electronics Inc. v. TRW Auto. Holdings Corp.*, Nos. 1:12-cv-654, 1:13-cv-324, 1:13-cv-687, 2013 WL 12086667, at *3 (W.D. Mich. Sept. 25, 2013).

## II. LEAD COUNSEL

Prior to class certification, courts have the authority to appoint interim lead counsel under Federal Rule of Civil Procedure 23(g)(3). Rule 23(g)(3) provides that the "court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." "When placed in the position of selecting interim lead counsel, Courts customarily assess

applicants under the rubrics for appointment of permanent class counsel." *In re: Am. Honda Motor Co., Inc.*, No. 2:15-MD-2661, 2015 WL 12723036, at *1 (S.D. Ohio Dec. 18, 2015) (citations omitted). Thus, when selecting interim counsel, courts consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A)(i). Further, courts should select counsel that it believes will "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4) (listing this as the "duty" of class counsel).

Here, Plaintiffs ask for an order appointing Raina C. Borrelli of Turke & Straus LLP, Dylan J. Gould of Markovits, Stock & DeMarco, LLC, and Philip J. Krzeski of Chestnut Cambronne PA ("Counsel") as interim co-lead counsel. ECF No. 22, Case No. 2:23-cv-2070. Counsel have worked to identify and investigate potential claims, have experience in handling class actions and other complex litigation, have demonstrated at least some knowledge of applicable laws, and have resources that counsel will commit to representing the putative class. *Id.* In addition, although not a formal factor, Counsel's applications are unopposed. As a result, Counsel are qualified to serve as interim co-lead counsel.

### III. CONCLUSION

For these reasons, Plaintiffs' motions, ECF Nos. 17 & 22, Case No. 2:23-cv-2070, are GRANTED. Court ORDERS that Case Nos. 2:23-cv-2070 and 2:23-cv-2424 be consolidated into Case No. 2:23-cv-2070; Case No. 2:23-cv-2070 shall be re-captioned as "In re Wasserstrom Holdings, Inc. Data Breach Litigation." The Court APPOINTS Raina C. Borrelli of Turke & Straus LLP, Dylan J. Gould of Markovits, Stock & DeMarco, LLC, and Philip J. Krzeski of Chestnut Cambronne PA interim co-lead counsel.

The Clerk shall terminate all pending motions in Case Nos. 2:23-cv-2070 and 2:23-cv-2424.

**IT IS SO ORDERED.**

_/s/ Michael H. Watson_
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**